## MIMOSA AMERICAN CORPORATION et al. v. R. H. MACY & CO., Inc., et al.

District Court, S. D. New York.
March 16, 1942.

Harry Price, of New York City (Eric Y. Munson, of New York City, of counsel), for plaintiffs.

Meyer D. Siegel, of New York City, for defendants.

LEIBELL, District Judge.

This is a suit for infringement of United States Patent No. 2,112,606, for a film developing spool (to be used in a developing tank) issued March 29, 1938, to Ernst Pless of Mauer, near Vienna, Austria, assignor of one-half to Hermann Dannowski of Jackson Heights, New York. The application for the patent was made in the United States, June 13, 1936; in Austria, June 13, 1935.

The defendants originally named in the suit were R. H. Macy & Co., Inc., Willoughby Camera Stores, Inc., and Abe Cohen's Exchange, Inc., which were charged with having sold the alleged infringing device. At a pre-trial hearing an order was entered pursuant to which Elkay Photo Products Company of Newark, New Jersey, was added as a party defendant with the same force and effect as if it had been originally named as a defendant. At the same time the suit against the original defendants was discontinued. The substituted defendant manufactures the alleged infringing device which had been sold by the original defendants. In respect to the plaintiff the pre-trial order recited: "3. It is conceded that Mimosa American Corporation has an exclusive license under and to the patent in suit No. 2,112,606, and that Hermann Dannowski has assigned his entire right, title and interest in and to said patent in suit No. 2,112,606 to Albert W. Moser, 485 Fifth Avenue, New York City, together with the right to recover for past infringement, by assignment dated January 9, 1941 and recorded at Liber P186, Page 236 on January 27, 1941 in the United States Patent Office."

The following is quoted from the descriptive part of the patent in suit:

"This invention relates to devices for developing photographic films commonly known as developing tanks. In the use of such devices, the film after exposure in a camera is spirally wound upon a support such as a spool with the adjacent spiral windings properly spaced from each other.

\*     \*     \*     \*     \*

"The present invention is specifically concerned with a spool for holding the film to be developed and has for one of its objects to provide a developing spool adapted to accommodate different sizes of films available on the market to avoid the necessity of using a different developing device for each particular film size. Another object is to facilitate the insertion and winding of the film into a developing spool and to prevent jamming and other drawbacks experienced with similar devices known in the art. Another object is to provide a means to insure free access of the developer to all portions of the sensitive surface especially to the edges of the film to secure uniformly developed negative.

"With the above objects in view, the film holding device or developing spool described by this invention comprises substantially two disc shaped parts or flanges mounted upon and spaced by a central member. The discs

are formed with spiral guides parallel to each other for guiding the film during the winding operation and maintaining adjacent windings properly spaced during the developing process. In order to accommodate different film sizes, the distance between the discs is made adjustable to conform to the standard widths of film available on the market. Another feature consists in the construction of the ingress opening from the periphery of the discs to the spiral guide to enable an easy insertion and winding of the film even in full darkness without clogging or jamming."

The file history of this patent indicates that between the date of the application for the patent and its final issuance the claims were amended from time to time. In all fourteen claims were filed, but because of the prior art which will be hereinafter discussed, in particular the Kelsay, Drew and Feigelman patents, only two claims were allowed and included in the patent as issued. I quote the two claims as follows:

"1. A developing spool comprising a pair of end members having spiral passageways disposed opposite and parallel to each other and adapted to hold a film wound therein, a central cylindrical member extending from one of said end members, a sleeve connected to the other member, said sleeve being adapted to slide over said cylindrical member and slotted longitudinally to frictionally engage said cylindrical member, said cylindrical member being provided with a plurality of circular grooves spaced at predetermined distances, and a collar on the inner surface of said sleeve adapted to engage said grooves and lock said end members in predetermined relative positions.

"2. A developing spool comprising a pair of end members formed with spiral passageways adapted to hold a film wound therein, one of said end members having an axial cylindrical sleeve, a longitudinally slotted sleeve extending from the other end member and adapted to slidably and frictionally engage said first sleeve, whereby said sleeves form a hub for said spool, one of said sleeves being formed with a plurality of circular grooves spaced apart by predetermined distances, and a collar on the engaging surface of the other sleeve being adapted to engage said grooves and lock said end members at predetermined axial distances, and a further longitudinal key and groove arrangement between said sleeves to prevent relative rotary movement thereof."

The only real difference between Claim 2 and Claim 1 seems to be that Claim 2 adds the statement "and a further longitudinal key and groove arrangement between said sleeves to prevent relative rotary movement thereof."

Claim 1 covers a means by which the space between the two end discs may be fixed and positioned at predetermined distances. This is accomplished by a series of circular grooves on the outside of a sleeve extending from one disc member and by a collar on the inside of a sleeve which extends from the other disc member. The second sleeve is designed to slide over the first and by engaging the collar in a circular groove hold the two discs in predetermined relative positions, to accommodate the width of the film to be developed. The second claim of invention is that on the outside of the first sleeve there is a longitudinal groove into which fits a key or lug projecting from the inner surface of the second sleeve, so as to prevent any rotary movement of the discs with respect to each other. By the circular grooves and the collar the two discs are held at a predetermined distance from each other. By the longitudinal groove and the key the two discs are so locked that they both have to move as one, when the spool is rotated in the developing tank. On these two features plaintiff claims novelty and invention.

At the trial it was conceded that if the plaintiff's patent is valid the defendant's device infringes. On the issue of the validity of plaintiff's patent, defendant cited as the prior art a number of patents for film developing spools and tanks. There is no need of discussing all of these patents. Several of them clearly establish that the two claims of plaintiff's patent do not involve any invention, that at the best they evidence a "mere exercise of the skill of the calling", an advance "plainly indicated by the prior art". Altoona Publix Theatres, Inc., v. American Tri-Ergon Corp., 294 U.S. 477, 486, 55 S.Ct. 455, 458, 79 L.Ed. 1005; Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L. Ed. ——.

The Luz patent, No. 2,078,579, issued April 27, 1937, shows a reel of the type having spiral channels on the inner surfaces of the spool ends so as to hold the film in an open spiral arrangement as does the patent in suit. There was nothing new therefore in the spiral channels on the inner surfaces

of the discs and of course they are not asserted as being covered by the two claims of plaintiff's patent.

The idea of having a reel adaptable to different widths of films was expressed in the Schnelz patent, No. 2,056,298, issued October 6, 1936 (application filed March 14, 1935). An adjustment for larger size films by the use of longer spacers on the spindle, held in place by a nut at the end thereof, was mentioned. These nuts, when tightened, also served to hold the plates or discs in an immovable rotational relationship. The first type of film developing tank imported by the plaintiffs into the United States from Austria had an arrangement for adjusting the space between the two end discs by nuts on a threaded sleeve spindle, placed above and below one of the discs.

In the Drew patent, No. 1,807,901, issued June 2, 1931, the top disc was spaced from the bottom disc at a predetermined distance and then secured in the adjusted position by means of a bar having a set screw. In the Kelsay patent, No. 1,212,498, issued January 16, 1917, centering pins were used to hold the two discs in a fixed position in respect to each other. The Corey patent, No. 1,140,500, issued May 25, 1915, used a square shaft for the purpose of maintaining two axially arranged parts in a rotationally immovable relationship.

The Feigelman patent, No. 1,518,402, issued December 9, 1924, accomplished both purposes of plaintiff's claimed invention, by a simple device. It had the same idea of an outer sleeve extending over an inner sleeve, both adjustable so that the two discs could be spaced at various distances and then held firmly. For that purpose the Feigelman patent had two series of notches or holes in alignment, diametrically opposite each other, on the inner sleeve. The inside of the outer sleeve had at one end two tangs or projections (also diametrically opposite each other) designed to engage a pair of notches or holes on the inner sleeve. By sliding the outer sleeve over the inner sleeve the pair of tangs or projections could be made to engage a corresponding pair of notches on the inner sleeve located at distances from the disc that would correspond to the different width of films to be developed. When thus engaged, the discs would be at fixed distances from each other

and locked against movement in respect to each other. The inner sleeve was slightly compressible or flexible by reason of the fact that it was not a complete cylinder, but almost so, a narrow longitudinal slit separating the two edges of the cylindrical surface.

The step from a series of notches in alignment to a groove and from two tangs or projections to a collar was easy and apparent. In fact, defendant argues that from a mechanical viewpoint the use of the longitudinal groove and key, together with the circular grooves and collar in plaintiff's patent, was not a step forward in the art because Feigelman's disclosure was much simpler and his tang and notch arrangement performed both functions.

The patents in the prior art indicate that various means had been employed long prior to the time of the plaintiff's patent to adjust and hold in a fixed position the discs of the film reel, so as to accommodate different widths of film. These patents further show that various means were also employed to lock the two discs so that they could rotate only as a unit.

Having in mind the prior art in this case especially the Luz, Drew and Feigelman patents it cannot be claimed for plaintiff's patent that it involved any more ingenuity than "the work of a mechanic skilled in the art". Under no circumstances does plaintiff's device "reveal the flash of creative genius" to merit the protection of a patent. I therefore hold that plaintiff's patent is invalid for lack of invention.

As to defendant's device, which admittedly copies the plaintiff's, it may be stated that it appears to be of better and more substantial construction and it sells for about one quarter of the price of plaintiff's device. This is an instance of how under the protection of a patent for a "slight technological advance in an art" it is possible to lay "the heavy hand of tribute" upon its public use. Cuno Engineering Corp. v. Automatic Devices Corp., supra [314 U. S. 84, 62 S.Ct. 41, 86 L.Ed. ——].

The complaint is dismissed upon the merits. I am filing with this opinion, the findings of fact and conclusions of law required by Rule 52, Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c. Submit proposed decree on two days' notice.